Harold J. SILVER and Evelyn B. Silver, Appellants

v.

Robert S. McNAMARA, Individually and as Secretary of the Department of Defense of the United States, et al., Appellees.

No. 16220.

United States Court of Appeals District of Columbia Circuit.

Argued April 27, 1961.

Decided Aug. 3, 1961.

Mr. Sidney Dickstein, Washington, D. C., with whom Mr. David I. Shapiro, Washington, D. C., was on the brief, for appellants.

Mr. Kevin T. Maroney, Attorney, Department of Justice, for appellees. Mr. Joseph C. Weixel, Attorney, Department of Justice, also entered an appearance for appellees.

Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellants, husband and wife, were officers of a Texas corporation which was

producing aircraft parts under classified Defense Department contracts. Both had been issued security clearance for access to classified material.[1] On November 30, 1953, identical letters were sent them by the Executive Secretary of the Central Industrial Personnel Security Board (CIPSB) informing them that the Board's Screening Division had tentatively decided to deny them access to classified information. Pending final determination by the Screening Division, appellants' clearances were suspended. A Statement of Reasons for the suspension was included in each letter. The Silvers were given ten days in which to submit information "to explain or refute" the stated reasons. They were also apprised of their right to appeal to the Board's Appeal Division from an adverse decision.

Appellants submitted timely replies, and on January 7, 1954, they were informed that the Screening Division had made a final decision to deny them access to classified information, for the reasons stated in the suspension letters. Timely appeals were taken. A hearing was held before the Appeal Division on March 4 and 5, 1954, and on April 30th appellants were notified of that Division's decision that a grant of clearance to them was "not clearly consistent with the interests of the national security." Their association with Intercontinental Manufacturing Co. ended in May, 1955. Thereafter some correspondence ensued concerning reconsideration under new regulations,[2] production of certain documents, and a new hearing.

On June 29, 1959, the Supreme Court handed down its decision and opinion in Greene v. McElroy.[3] On March 21, 1960, the Silvers wrote the Secretary of Defense that in view of the Greene decision they demanded reversal of the action of the Industrial Personnel Security Review Board (ISPRB) and the entry of an order vacating and expunging from all records of the United States the original action of the Screening and Appeal Divisions of CIPSB. On that same day they filed a civil action in the District Court for a declaratory judgment that the suspensions and denials of their clearances were unlawful, and that the determinations suspending and denying them clearances and the subsequent determinations refusing to revoke or reverse the suspensions and denials "be ordered annulled and expunged from all records of the Government of the United States".

Some four months after the filing of the complaint the Department of Defense promulgated a revision of the security regulations.[4] The new regulations provide in pertinent part:

"§ 155.5–2 *Reconsideration of prior decisions.*

"(a) Decisions rendered under any industrial personnel review program prior to the effective date of this Part 155 which denied or revoked an access authorization may be reconsidered by such boards as the Director deems appropriate at the request of the applicant, addressed through the Director, after a finding by the appropriate board that there is newly discovered evidence or that other good cause has been shown. Whenever a final determination of denial or revocation based upon a personal appearance proceeding is found to have been unauthorized at the time it was made, authority is hereby delegated to the Director, Office of Industrial Personnel

Review Board under the Office of Industrial Personnel Security Review.

1. Harold Silver's clearance was issued by the Air Force on December 5, 1951. Evelyn Silver's clearance was issued by the Supervising Inspector of Naval Material on March 17, 1953.

2. Dept. of Defense Directive 5220.6, 20 Fed.Reg. 1553 (1955). These regulations, promulgated Feb. 2, 1955, established the Industrial Personnel Security

3. 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377.

4. Industrial Personnel Access Authorization Review Regulation, 25 Fed.Reg. 14399 (1960), 32 C.F.R. § 155.5–2(a) (1961).

Access Authorization Review, to vacate such final determination and all subsequent administrative action predicated thereon and to take such other steps as may be deemed necessary to complete reconsideration of the case."

Appellants were notified on August 23, 1960, that "[p]ursuant [to their requests under the new regulations], and under authority of the second sentence of [§ 155.5–2(a)], * * * the determinations of the Appeal Division, Central Industrial Personnel Security Board * * and all subsequent administrative action within the Department of Defense predicated thereon [are hereby] vacated and expunged from the official records of the Department of Defense." A hearing under the new regulations was also offered, but the original suspension and denial by the Screening Division were not mentioned. The offer was not accepted.

The Silvers moved the District Court for summary judgment, and the officials moved to dismiss.[5] The court denied the motion for summary judgment and dismissed the complaint on the ground that "the plaintiffs have available to them an administrative remedy and * * * have not exhausted this available administrative remedy".

The precise problem now posed on the merits concerns the original suspension and its underlying preliminary finding of non-suitability for security clearance. The ultimate determinations have been set aside and expunged, beginning with the decision of the Appeal Division. The Silvers claim the preliminary interim actions concomitant with the suspension must also be set aside and expunged.

Under Section 155.5–2(a) of the new regulations the Director of the Office of Industrial Personnel Access Authorization Review may *vacate a final determina-*

*tion of denial or revocation* and all subsequent administrative action based thereon. But the regulation says nothing of expunging such determinations from Government records, nor does it mention vacating or expunging suspensions or "preliminary" determinations. So it appears that the regulation does not confer authority to vacate *or* expunge suspensions or preliminary denials, such as those ordered by the Screening Division in this case. The Government apparently does not deny this. Those suspensions and preliminary steps remain on the record and in full effect, pending the new final hearing under the new regulation issued consequent to Greene v. McElroy.

The relief sought by the Silvers in the District Court related to the suspensions and the various events and actions which we have just discussed and which occurred prior to the decision of the Appeal Division. There appears to have been no administrative remedy which could provide the relief thus sought. We must therefore conclude that the District Court erred in dismissing the complaint on the ground the court stated.[6] Whatever the purpose of the "exhaustion" doctrine may be, it does not require a litigant to engage in an administrative proceeding which does not purport to be a remedy. In holding as we do, we express no opinion on the question whether a litigant may be required to pursue an available administrative remedy that is created after a complaint is filed in court to secure similar relief.

In dismissing the complaint the District Court denied appellants' motion for summary judgment. Since it did so at the same time it dismissed the complaint, our remand will include reconsideration of the decision on the motion for summary judgment.

Reversed and remanded.

---

5. The defendants' motions to strike part of certain affidavits were also heard at this time. They were later denied.

6. The Government contends that Greene v. McElroy conferred no right upon appellants to have the suspensions and denials

by the Screening Division either vacated or expunged. We do not reach this question and express no opinion on it; we merely note that were this contention correct the proper disposition would be a dismissal for failure to state a claim upon which relief may be granted.